Chief Judge Fuld (dissenting).
I cannot subscribe to the view of the majority that the “full hearing” referred to in section 526 of the Insurance Law envisages or calls for a trial de novo on the issue of the insurer’s insolvency. It is indisputable that an extensive hearing was held in this case — indeed, the testimony accounts for nearly 300 pages in the printed record on appeal—but the appellant insurance company contends that the judge, by refusing to allow it to present certain evidence, failed to comply with the statutory mandate and denied it due process of law.
Citizens Casualty urges that the special summary proceeding provided by section 526 was the proper forum for the introduction of extensive evidence which, it asserts, would have tended to show its solvency. To allow it to do so, however, would, it seems to me, be completely destructive of the purpose and policy which underlie the provisions for the speedy appointment of a rehabilitator as a temporary receiver to preserve and protect the company’s assets. It would mean that the extensive and exhaustive study and investigation conducted by the Superintendent of Insurance as to the insurer’s financial integrity, its insolvency and the need for its rehabilitation would go for naught and that, despite the investigation that had been made, *421 no effective action could be taken until after a full-blown trial with all the delay which that would involve, at the expense of the rights of policyholders, creditors and the public generally.
Section 526 recites that, if the Superintendent of Insurance desires to rehabilitate an insurance company, he must commence a proceeding in the Supreme Court by an order to show cause and “ after a full hearing, which shall be held by the court or justice without delay, such court, or justice shall either deny the application or grant the same ”. And section 511 provides, insofar as here relevant, that the Superintendent may apply for such an order on the ground that the insurer ‘ ‘ is insolvent within the meaning of section ninety-three ”. Based on that provision, as well as the underlying policy considerations, the court concluded — as I suggest it was required to do—that it was. In so many words, the Legislature declared in section 93 that “ Whenever the superintendent finds * * * from a report on examination ” of an insurer that it “is unable to pay its outstanding lawful obligations as they mature in the regular course of business * * * such insurer shall he deemed insolvent and he may proceed against it under the provisions of article sixteen”. (Emphasis supplied.)
It seems manifest that the requirements of those sections (§§ 93, 511) were satisfied when it was established that there had been an investigation of the insurance company, that a report had been made which demonstrated that the company’s liabilities exceeded its assets and that, on the strength of such report, the Superintendent had found that the company was insolvent. Once this was shown, the statute proclaims, the insurer was “ deemed ” to be insolvent, and the court was not required or authorized to take evidence as to the company’s financial condition. In other words, the court’s rejection of the proof proffered, far from being an attempt to limit Citizens’ procedural rights, merely constituted the exclusion of irrelevant evidence.
However, and this is of high significance, the court’s action did not foreclose review of the Superintendent’s finding and determination of insolvency. Section 526 of the Insurance Law is implicit with the idea of further judicial action and, as section 34 of that statute indicates, an article 78 proceeding is at hand to assure the company judicial review of the issue once the *422 statutory proceeding has been concluded. (See, e.g., Matter of Guardian Life Ins. Co. v. Bohlinger, 308 N. Y. 174, 182; see L. 1956, ch. 932.)[1] The availability of this alternative procedure refutes the company’s claim that it was denied due process of law. The constitutional guarantee of due process does not require that a hearing be held before an administrative officer can take effective action. (See, e.g., Ewing v. Mytinger & Casselberry, 339 U. S. 594, 599.) As the Supreme Court stated in the Ewing case, “ The harm to property and business can also be incalculable by the mere institution of proceedings. Yet it has never been held that the hand of government must be stayed until the courts have an opportunity to determine whether the government is justified in instituting suit in the courts. Discretion of any official may be abused. Yet it is not a requirement of due process that there be judicial inquiry before discretion can be exercised. It is sufficient, where only property rights are concerned, that there is at some stage an opportunity for a hearing and a judicial determination ” (339 U. S., at p. 599; emphasis supplied).
A moment’s reflection, I suggest, points the need—if the insurance company desires court review in a case such as the present — that the question of solvency be fully explored only in a later article 78 proceeding. Section 526 provides for a special proceeding intended to be speedily disposed of; the statute explicitly specifies that the proceeding is to be commenced by order to show cause and heard ‘ ‘ without delay ’ ’. It would be unreasonable, indeed unfair to both parties, to use a hearing instituted on such short notice as the forum for the exposition and development of the complex and difficult issues involved in the consideration of an insurance company’s solvency. The need to spend the extensive time which would be required for the presentation of the detailed factual contentions and their evaluation by the court of first instance and by the appellate courts — to which the case would inevitably be prosecuted— would overturn the legislative design that a petition for rehabilitation be decided speedily and without delay.
*423 The hearing court’s reliance, at this stage of the litigation, on the Superintendent’s determination that Citizens was insolvent not only comports with the statutory scheme but allows for the most efficacious resolution of all of the conflicting interests. The Superintendent is afforded a provisional remedy that assures the public protection while, at the same time, permitting the company to remain in business. The factual basis of the finding of insolvency would still be subject to review but in a more deliberate proceeding in which both parties would have the fullest opportunity to prepare and present their cases.
Over and beyond this, I think that the Appellate Division was eminently correct in concluding that, even if the court were privileged, in a section 526 proceeding, to try the issue of insolvency and render its own independent determination, the items of proof which the appellant presented were not, in any event, sufficient to raise a substantial issue as to the factual basis of the Superintendent’s determination. Without going into the many different items contained in the offer of proof individually, they may be divided into two principal categories: (1) challenges to the particular sampling methods used by the examiners and (2) attempts to attribute deficiencies and improper practices to the prior • management of the insurer. The essential correctness of the Superintendent’s finding that there was an “ excess of its required reserves and other liabilities over its admitted assets ” at the time in question was not challenged by any of the items of proof offered. In fact, a quarterly statement, issued by the appellant during the course of the hearing, indicates that it did not yet have sufficient information to determine its own financial condition and that it was certainly in no position to disprove the Superintendent’s finding of insolvency. Consequently, in my opinion, this case involves nothing more than a totally inadequate offer of proof.
In view of the protection against arbitrary action afforded by section 34 of the Insurance Law and article 78 of the CPLR, and having in mind the grave public necessity for prompt and decisive steps to prevent the continued unsupervised operation of insurance companies found to be insolvent, further delay in the appointment of a rehabilitator in this case should not be sanctioned.
The order appealed from should be affirmed.
*424 Judges Burke, Scileppi and Breitel concur with Judge Keating; Chief Judge Fuld dissents and votes to affirm in a separate opinion in which Judges Bergan and Jasen concur.
Order reversed, with costs, and matter remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein.

. In point of fact, Citizens actually instituted such a proceeding and the court below expressly declared that it was prepared to take evidence on the subject of insolvency and pass on the merits of that question in that article 78 proceeding.